IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

EARLENE LANKFORD HUGHES

         Plaintiff,

v.                           Civil Action No. TMD 11-1673M

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMAMRY JUDGMENT

Earlene Lankford Hughes  ("Plaintiff" or "Claimant") brought this action under 42

U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social

Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits

("DIB")  and Supplemental Security Income ("SSI") under Titles II and XVI of the Social

Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).     Before the Court are Plaintiff's Motion for

Summary Judgment (Pl.'s Mot. Summ., ECF No. 14-1) and Defendant's Motion for Summary

Judgment. (Def.'s Reply, ECF No. 20). No hearing is deemed necessary.  Local Rule 105.6 (D.

Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is

GRANTED.

I.  Procedural History

Plaintiff filed her applications for DIB and SSI alleging disability since June 30, 2006

due to bipolar disorder, Chronic Obstructive Pulmonary Disease ("COPD"), asthma, and

emphysema.  R. at 147-50, 151-53, 178.   Her claims were denied initially and on

reconsideration.  R. at 64-67, 68-71, 72-75.  On November 5, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified.  R. at 39-63.  Plaintiff was represented by counsel.  In a decision January 5, 2011, the ALJ denied Plaintiff's request for benefits.  R. at 17-33.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review.  R. at 1-6.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, 416.920.   At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: COPD, depression, anxiety and obesity.  At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC") Plaintiff was not capable of performing her past relevant work.  At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  Accordingly, he concluded that Claimant was not disabled.  R. at 17-33.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id*.

IV. Discussion

Plaintiff argues that (1) the ALJ failed to properly evaluate medical source opinions; and (2) improperly relied on VE testimony.

A.      Medical Source Opinions

Plaintiff argues that the ALJ erred in assigning only little weight to the opinion of examining physician, Dr. Christian Jensen.  R. at 29.  She argues that the ALJ selectively cited portions of Dr. Jensen's report to arrive at his finding of no disability and that she should have provided controlling weight to Dr. Jensen's opinion.

The ALJ summarized Dr. Jensen's findings, R. at 24, but ultimately gave his opinion little weight because he found it was inconsistent with the objective medical evidence as a whole including Dr. Jensen's own treatment notes as well as pulmonary function tests.  R. at 29. Plaintiff argues that the ALJ should have adopted Dr. Jensen's opinion that Claimant had no

restriction when sedentary and that her obesity and COPD limit her ability to walk distances, lift and carry.  R. at 329.  The ALJ found significant that despite these opinions, Dr. Jensen nonetheless found Claimant surprisingly nimble and light-footed, could get on the exam table without issue, and had a normal gait and station without needing an ambulatory device.  R. at 326-27.  He noted that upon examination, Dr. Jensen also observed her lungs as clear and only mild orthopnea and mild dyspnea.   R. at 29, 328-29.  In summarizing Dr. Jensen's findings, the ALJ also noted that the remainder of the examination revealed no abnormalities, full range of motion in all joints and spine, normal sensory and motor functions and reflexes, the ability to walk heel to toe on her heels and toes without difficulty,  R. at 24, 328-29.

The Court finds substantial evidence supports the ALJ's decision to afford little weight to the opinion of Dr. Jensen.  Pulmonary function tests performed only one month after Dr. Jensen's examination revealed a mildly reduced FVC, moderately reduced FEV1, mildly reduced FEV1/FVC ratio, severely reduced flows at low lung volumes and moderately reduced diffusion capacity for carbon monoxide.  R. at 332-49; *see* R. at 29 (ALJ noting Dr. Jensen's opinion consistent with pulmonary function tests showing claimant had only mild to moderate obstructive ventilator defect).

Plaintiff provides no persuasive reason to believe that the ALJ did not evaluate and analyze the evidence pursuant to the applicable regulatory provisions of the Social Security Act.  This is true even though Plaintiff points to evidence in the record that could arguably have been used in support of an alternate outcome.  "[C]onflicting evidence undoubtedly exists in every dispute over a claimant's eligibility to receive SSI [or DIB], but it is not the Court's job to

reweigh such evidence when reviewing the ALJ's decision." *Smith v. Commissioner of Social Sec*, Civil No. 4:09cv80, 2010 WL 1640271 at *3 (E.D. Va. April 22, 2010).1

    B.    <u>VE Testimony</u>

Plaintiff argues that the ALJ failed to incorporate in his hypothetical to the VE a restriction which he ultimately found in the RFC.  Specifically, she argues that the hypothetical individual was not limited to jobs that did not require judgment.  Pl.'s Mot. Summ., ECF No. 14-1 at 7; *see* R. at 22 (ALJ summarizing Claimant's RFC).   The Court agrees with Plaintiff that hypothetical questions posed to the VE must accurately set forth all of a claimant's limitations.  *Walker v.* Bowen, 889 F. 2d47, 51-52 (4th Cir. 1989).  This is precisely what was done here.  Despite Plaintiff's argument, a simple review of the hearing testimony indeed shows that the ALJ did include such a restriction in his hypothetical.  The ALJ indicated to the VE that Claimant "needs to have simple, routine, unskilled jobs.  She's able to attend tasks and complete schedules.  Probably SVP 2 in nature.  Low concentration, low memory.  By that, I mean no production cases, *no jobs that require much judgment* or work changes."  R. at 59 (emphasis added).  In response to these restrictions as well as others enumerated in the hypothetical, R. at 57-60, the VE testified to multiple jobs that she could perform in the national economy.  R. at 60-61.

    V.    <u>Conclusion</u>

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED**.**  A

---

[1] Because the Court finds that the ALJ did not err by affording Dr. Jensen's opinion little weight, the Court similarly finds that reliance on the Grids would not have resulted in a finding of "disabled."

separate order shall issue.


Date: March 7, 2013

                                        _____/s/_____
                                        THOMAS M. DIGIROLAMO
                                        United States Magistrate Judge


W. James Nicoll
1040 Park Avenue, Suite 206
Baltimore, MD 21201

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692